HSBC Bank USA, N.A. v Elianor (2020 NY Slip Op 00849)





HSBC Bank USA, N.A. v Elianor


2020 NY Slip Op 00849


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-01143 
2017-09632
 (Index No. 3846/10)

[*1]HSBC Bank USA, National Association, etc., appellant,
v
Frilette M. Elianor, respondent, et al., defendants.


Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, Leah Edmunds, and Allison M. Funk of counsel), for appellant.
Beth E. Goldman, New York, NY (Jessica A. Scholes and Nicole Eberts of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from two orders of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated October 18, 2016, and June 29, 2017, respectively. The order dated October 18, 2016, insofar as appealed from, granted that branch of the motion of the defendant Frilette M. Elianor which was, in effect, for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff failed to comply with RPAPL 1304. The order dated June 29, 2017, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 5015(a) to vacate the order dated October 18, 2016.
ORDERED that the appeal from the order dated June 29, 2017, is dismissed as academic in light of our determination on the appeal from the order dated October 18, 2016; and it is further,
ORDERED that the order dated October 18, 2016, is reversed insofar as appealed from, on the law, and that branch of the motion of the defendant Frilette M. Elianor which was, in effect, for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff failed to comply with RPAPL 1304 is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against the defendant Frilette M. Elianor (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property in Brooklyn. After a series of mandatory foreclosure settlement conferences, the defendant moved, in effect, for summary judgment dismissing the complaint insofar as asserted against her. The motion was marked as "withdrawn" on February 20, 2014. Nevertheless, by order dated October 18, 2016, the Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff failed to comply with RPAPL 1304. Thereafter, the plaintiff moved, inter alia, pursuant to CPLR [*2]5015(a) to vacate the order dated October 18, 2016, on various grounds, including that the defendant's motion had been withdrawn by letter in January 2012 and therefore was not pending at the time it was decided. In an order dated June 29, 2017, the court denied the plaintiff's motion. The plaintiff appeals.
We disagree with the Supreme Court's determination granting that branch of the defendant's motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff failed to comply with RPAPL 1304, since the defendant specifically withdrew the subject motion by letter prior to the court's determination thereof. Accordingly, the order dated October 18, 2016, must be reversed insofar as appealed from (see Howe v Jeremiah, 62 AD3d 751).
In light of the foregoing, the plaintiff's remaining contentions on the appeal from the order dated October 18, 2016, need not be reached.
In light of our determination on the appeal from the order dated October 18, 2016, the appeal from the order dated June 29, 2017, must be dismissed as academic.
MASTRO, J.P., CHAMBERS, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court