Deutsche Bank Natl. Trust Co. v McEnery (2021 NY Slip Op 05023)





Deutsche Bank Natl. Trust Co. v McEnery


2021 NY Slip Op 05023


Decided on September 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-06294 
2019-06296
2020-03521
 (Index No. 600298/15)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Steve McEnery, etc., appellant, et al., defendants.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Woods Oviatt Gilman LLP, Rochester, NY (Natalie A. Grigg of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Steve McEnery appeals from (1) an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated April 5, 2019, (2) an order of the same court, also dated April 5, 2019, and (3) an order and judgment of foreclosure and sale (one paper) of the same court entered March 5, 2020. The first order dated April 5, 2019, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Steve McEnery, to strike his answer, and for an order of reference. The second order dated April 5, 2019, insofar as appealed from, granted the same relief as the first order and appointed a referee to ascertain and compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, upon the orders dated April 5, 2019, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeals from the orders dated April 5, 2019, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the orders dated April 5, 2019, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In January 2015, the plaintiff commenced this action against, among others, the defendant Steve McEnery (hereinafter the defendant), to foreclose a mortgage securing real property in East Setauket (hereinafter the property) owned by the defendant. The defendant filed an answer and asserted a variety of affirmative defenses and counterclaims, including that the plaintiff failed to strictly comply with RPAPL 1304 or 1306.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The return date for the motion was March 21, 2017, and pursuant to CPLR 2214(b), the defendant's opposition to the motion, if any, was required to be served no later than March 14, 2017, seven days prior to the return date. The defendant failed to do so. Thereafter, on March 27, 2017, six days after the return date of the motion, the defendant served his opposition.
In an order dated April 5, 2019, the Supreme Court granted the plaintiff's motion. The court determined that, contrary to the defendant's contention that he was not served with the plaintiff's motion, the affidavit of service submitted by the plaintiff established that the motion was timely served upon the defendant's counsel by mail, and that the defendant's counsel received email notification of the electronic filing of the motion on February 1, 2017. Thus, the court deemed the defendant's opposition to be untimely and a nullity and deemed the motion unopposed. In a second order dated April 5, 2019, the court, inter alia, appointed a referee to ascertain and compute the amount due to the plaintiff. Thereafter, in an order and judgment of foreclosure and sale entered March 5, 2020, the court, among other things, confirmed the referee's report and directed the sale of the property. The defendant appeals.
Under the circumstances of this case, the Supreme Court providently exercised its discretion in declining to consider the defendant's opposition, as the defendant failed to provide a valid excuse for the late service (see CPLR 2214[b]; 2103[b][2], [7]; Risucci v Zeal Mgt. Corp., 258 AD2d 512, 512; see also CPLR 2004; Bank of Am., N.A. v Afflick, 172 AD3d 1146, 1147).
The defendant's remaining contentions are not properly before this Court (see Vassiliou-Sideris v Nautilus, Inc., 186 AD3d 1756, 1758).
CHAMBERS, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court