U.S. Bank N.A. v Nunez (2026 NY Slip Op 00935)

U.S. Bank N.A. v Nunez

2026 NY Slip Op 00935

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-11792
 (Index No. 711338/22)

[*1]U.S. Bank National Association, etc., appellant,
vPedro Nunez, etc., et al., respondents, et al., defendants.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Jeremy D. Kaufman and Joseph F. Battista of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), dated August 30, 2023. The order (1) determined the plaintiff's motion, in effect, pursuant to CPLR 3217(b) to discontinue the action without prejudice and to cancel and discharge the notice of pendency, (2) granted, as unopposed, the cross-motion of the defendants Pedro Nunez and Milagros Nunez pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, and (3) denied, as untimely, the plaintiff's cross-motion, inter alia, to confirm that personal jurisdiction was obtained over those defendants or, in the alternative, pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon those defendants and pursuant to CPLR 308(5) to direct an alternative method for service of process.
ORDERED that the order is modified, on the law and the facts, by deleting the provision thereof determining the plaintiff's motion, in effect, pursuant to CPLR 3217(b) to discontinue the action without prejudice and to cancel and discharge the notice of pendency, and substituting therefor a provision deeming the motion withdrawn; as so modified, the order is affirmed, without costs or disbursements.
On May 27, 2022, the plaintiff commenced this mortgage foreclosure action against the defendants Pedro Nunez and Milagros Nunez (hereinafter together the defendants), among others. On or about June 9, 2023, the plaintiff moved, in effect, pursuant to CPLR 3217(b) to discontinue the action without prejudice and to cancel and discharge the notice of pendency. On or about July 3, 2023, the defendants opposed the plaintiff's motion and cross-moved pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. On or about July 17, 2023, the plaintiff filed and served a notice of withdrawal of its motion. Thereafter, by notice of cross-motion dated August 24, 2023, the plaintiff cross-moved, inter alia, to confirm that personal jurisdiction was obtained over the defendants or, in the alternative, pursuant to CPLR 306-b
to extend the time to serve the summons and complaint upon the defendants and pursuant to CPLR 308(5) to direct an alternative method for service of process.
In an order dated August 30, 2023, the Supreme Court (1) determined the plaintiff's motion, in effect, pursuant to CPLR 3217(b) to discontinue the action without prejudice and to cancel and discharge the notice of pendency, (2) granted, as unopposed, the defendants' cross-motion pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, and (3) denied, as untimely, the plaintiff's cross-motion, inter alia, to confirm that personal jurisdiction was obtained over the defendants or, in the alternative, pursuant to CPLR [*2]306-b to extend the time to serve the summons and complaint upon the defendants and pursuant to CPLR 308(5) to direct an alternative method for service of process. The plaintiff appeals.
First, the Supreme Court erred in determining the plaintiff's motion, in effect, pursuant to CPLR 3217(b) to discontinue the action without prejudice and to cancel and discharge the notice of pendency, since the plaintiff specifically withdrew its motion prior to the court's determination thereof (see HSBC Bank USA, N.A. v Elianor, 180 AD3d 655, 656-657; Howe v Jeremiah, 62 AD3d 751, 751).
Next, the Supreme Court properly granted, as unopposed, the defendants' cross-motion pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. While the plaintiff contends that the court gave oral permission for the plaintiff to file otherwise untimely opposition papers to the defendants' cross-motion, the order appealed from reflects otherwise. Thus, under the circumstances, the court providently exercised its discretion in declining to consider the plaintiff's opposition papers (see generally Deutsche Bank Natl. Trust Co. v McEnery, 197 AD3d 1238, 1240).
Finally, the Supreme Court properly denied, as untimely, the plaintiff's cross-motion, inter alia, to confirm that personal jurisdiction was obtained over the defendants or, in the alternative, pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendants and pursuant to CPLR 308(5) to direct an alternative method for service of process. Even assuming that it was procedurally permissible for the plaintiff to file a cross-motion under the circumstances, the cross-motion was untimely absent leave of court (see id. § 2214[b]; see generally Torres v Westchester Dental Servs., 287 AD2d 710), which was not granted.
BRATHWAITE NELSON, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court