◼ VINCENT MURPHY et al., Appellants, v ARTHUR SHAW, Respondent. [824 NYS2d 421]—In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Roberto, J.), dated July 15, 2002, which denied the plaintiffs' application for an adjournment of the trial, (2) an order of the same court (Parga, J.), entered August 14, 2002, which granted the motion of defendant Arthur Shaw to dismiss the action, (3) a judgment of the same court (Parga, J.), entered November 6, 2002, dismissing the action, and (4) an order of the same court (Parga, J.), dated October 1, 2004, which denied their motion to vacate the prior orders and the judgment and to restore the matter to the trial calendar.

Ordered that the appeals from the order dated July 15, 2002, the order entered August 14, 2002, and the judgment entered November 6, 2002, are dismissed; and it is further,

Ordered that the order dated October 1, 2004 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeals from the intermediate orders must be dismissed,

inter alia, because the right of direct appeal therefrom terminated with the entry of judgment in the action (see *Matter of Aho*, 39 NY2d 241, 248 [1976]). The appeal from the judgment must be dismissed as no appeal lies from a judgment entered upon the default of an appealing party (see CPLR 5511; *Wiener v Iwachiw*, 22 AD3d 747 [2005]).

The Supreme Court properly denied the plaintiffs' motion to vacate their default in proceeding to trial. The plaintiffs were required to establish a meritorious cause of action and a reasonable excuse in failing to proceed to trial (see *Uddin v Mirza*, 10 AD3d 722 [2004]). The Supreme Court correctly determined that the plaintiffs did not satisfy this burden. Miller, J.P., Crane, Skelos and Dillon, JJ., concur.