■ DEVELOPMENT STRATEGIES COMPANY, LLC, PROFIT SHARING PLAN, Respondent, v ASTORIA EQUITIES, INC., et al., Appellants, et al., Defendants. [896 NYS2d 396]—In an action to foreclose a mortgage, the defendants Astoria Equities, Inc., Anthony DeSabato, and Beatrice DeSabato appeal (1) from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated June 28, 2007, which granted the plaintiff's unopposed motion, inter alia, for leave to enter a judgment against them upon their failure to appear or answer, (2) from a judgment of foreclosure and sale of the same court entered December 31, 2007, entered upon their default in answering or appearing, (3) from an order of the same court dated July 21, 2008, which, after a hearing, denied their motion, among other things, to vacate the judgment of foreclosure and sale entered December 31, 2007, and to set aside the sale pursuant to that judgment, (4), as limited by their brief, from so much of an order of the same court dated August 13, 2008, as, in effect, upon reargument, adhered to the original determination in the order dated July 21, 2008, and (5) from an order of the same court dated November 24, 2008, which denied their motion, in effect, for leave to renew their motion to vacate the judgment of foreclosure and sale entered December 31, 2007.

Ordered that the appeals from the order dated June 28, 2007, and the judgment of foreclosure and sale entered December 31, 2007, are dismissed; and it is further,

Ordered that the appeal from the order dated July 21, 2008, is dismissed, as that order was superseded by the order dated August 13, 2008, made upon reargument; and it is further,

Ordered that the order dated August 13, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated November 24, 2008, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeals from the order dated June 28, 2007, and the judgment of foreclosure and sale entered December 31, 2007, must be dismissed because no appeal lies from an order or judgment entered upon the default of the appealing party (*see* CPLR 5511; *Murphy v Shaw*, 34 AD3d 657, 658 [2006]).

"A defendant seeking to vacate a default in appearing or answering must demonstrate a reasonable excuse for the default and a meritorious defense to the action" (*Cooper v Cooper*, 55 AD3d 866, 866 [2008]; *see* CPLR 5015 [a] [1]; *Waste Mgt. of*

*N.Y., Inc. v Bedford-Stuyvesant Restoration Corp.*, 13 AD3d 362 [2004]). Here, the Supreme Court properly denied the appellants' motion to vacate the judgment of foreclosure and sale entered upon their default in appearing and answering upon correctly determining that they were duly served with process and failed to establish a reasonable excuse for their default. Accordingly, we need not determine whether the appellants demonstrated a meritorious defense (*see Young Chen v Ruihua Li*, 67 AD3d 905 [2009]; *Cooper v Cooper*, 55 AD3d at 866).

" 'A motion for leave to renew must be supported by new facts not offered on the prior motion that would change the prior determination, and the motion shall also contain a reasonable justification for the failure to present such facts on the prior motion' " (*Weitzenberg v Nassau County Dept. of Recreation & Parks*, 53 AD3d 653, 653-654 [2008], quoting *Williams v Nassau County Med. Ctr.*, 37 AD3d 594 [2007]). Here, the new facts submitted with the appellants' motion, in effect, for leave to renew were not sufficient to change the prior determination denying their motion to vacate the judgment. In addition, the appellants did not offer a reasonable justification for their failure to include those facts, which were then available to them, in their original motion. Accordingly, the Supreme Court, by its order dated November 24, 2008, properly denied the appellants' motion, in effect, for leave to renew.

The appellants' remaining contentions are without merit. Fisher, J.P., Angiolillo, Belen and Lott, JJ., concur.