■ STEVEN S. JORDAN, Respondent, v YACOV YARDENY, Appellant. [988 NYS2d 659]—

In an action, inter alia, to recover damages for breach of

contract and unjust enrichment, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), entered April 24, 2012, as denied his motion for leave to renew his prior motion to vacate a judgment of the same court entered June 7, 2006, upon his default in answering or appearing, which had been denied in an order of the same court dated September 14, 2006.

Ordered that the order entered April 24, 2012, is affirmed insofar as appealed from, without costs or disbursements.

A motion for leave to renew must be "based upon new facts not offered on the prior motion that would change the prior determination," and must contain a "reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; see Matter of Korman v Bellmore Pub. Schools, 62 AD3d 882, 884 [2009]). Here, the defendant did not present a reasonable justification for his failure to present the alleged new fact on his prior motion (see CPLR 2221 [e] [3]; see Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 586 [2012]). In any event, the alleged new fact relied upon by the defendant would not have changed the prior determination denying his motion to vacate the default judgment (see Development Strategies Co., LLC, Profit Sharing Plan v Astoria Equities, Inc., 71 AD3d 628, 629 [2010]). Mastro, J.P., Leventhal, Lott and Miller, JJ., concur.