Wells Fargo Bank, N.A. v Davis (2020 NY Slip Op 02053)





Wells Fargo Bank, N.A. v Davis


2020 NY Slip Op 02053


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2016-12352
 (Index No. 19813/13)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Viviene Davis, appellant, et al., defendants.


Viviene Davis, Rosedale, NY, appellant pro se.
Reed Smith LLP, New York, NY (Andrew B. Messite and Kerren B. Zinner of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Viviene Davis appeals from a judgment of foreclosure and sale of the Supreme Court, Queens County (Allan B. Weiss, J.), entered September 14, 2016. The judgment of foreclosure and sale, inter alia, directed the sale of the subject property.
ORDERED that the judgment is affirmed, with costs.
In March 2008, the defendant Viviene Davis (hereinafter the defendant) borrowed the sum of $417,000 from Wachovia Mortgage, FSB (hereinafter Wachovia). The loan was memorialized by a note and secured by a mortgage in favor of Mortgage Electronic Registration Systems (hereinafter MERS), as nominee for Wachovia. Wachovia subsequently merged with Wells Fargo Bank, N.A. (hereinafter the plaintiff), effective November 1, 2009. Thereafter, on August 16, 2010, the defendant and the plaintiff entered into a loan modification agreement resulting in a new principal balance in the amount of $487,825. The defendant defaulted on her payment obligations by failing to pay the monthly installment of principal and interest that was due on July 1, 2011, or any monthly installment thereafter.
On October 25, 2013, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant, acting pro se, submitted an answer denying the material allegations of the complaint and asserting a number of affirmative defenses, including lack of standing.
By notice of motion dated September 12, 2014, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion, arguing, inter alia, that the plaintiff lacked standing to commence the action. In an order dated November 14, 2014, the Supreme Court denied the plaintiff's motion, finding that the plaintiff failed to establish, prima facie, that it had standing to commence the action. Thereafter, the plaintiff moved for leave to renew and reargue its motion for summary judgment. The defendant opposed that motion. In an order dated June 18, 2015, the court denied the plaintiff's motion.
The matter was then assigned to the trial part. However, the defendant failed to appear at two scheduled trial appearances. As a result, in an order dated December 1, 2015, the Supreme Court, in effect, pursuant to 22 NYCRR 202.27(a), declared the defendant in default and scheduled an inquest for January 28, 2016.
On January 28, 2016, both parties appeared for the inquest. At the inquest, Deborah Kavalry, a loan verification analyst, testified on behalf of the plaintiff and submitted documentary evidence, including the original note. Following the inquest, the plaintiff served and filed a notice of settlement of decision after inquest and judgment dated August 2, 2016. On August 11, 2016, the defendant served and filed an "Objection to Notice of Settlement of Decision After Inquest and Judgment." The defendant objected to the settlement of judgment, inter alia, on the ground that the plaintiff lacked standing. In a decision after inquest dated August 26, 2016, the Supreme Court, among other things, found that the plaintiff demonstrated its entitlement to a judgment of foreclosure and sale. The court also rejected the defendant's objection to the plaintiff's standing, noting that the "issue of plaintiff's standing was determined at the inquest." The defendant appealed from this decision. By decision and order on motion dated May 18, 2017, this Court dismissed that appeal on the ground that no appeal lies from a decision.
The Supreme Court issued a judgment of foreclosure and sale entered September 14, 2016, inter alia, directing the sale of the subject property. The defendant appeals.
Although no appeal lies from a judgment entered upon the default of an appealing party (see CPLR 5511; Development Strategies Co., LLC, Profit Sharing Plan v Astoria Equities, Inc., 71 AD3d 628; Murphy v Shaw, 34 AD3d 657, 658), an appeal from such a judgment brings up for review those matters which were the subject of contest before the Supreme Court (see Geffner v Mercy Med. Center, 167 AD3d 571, 572; Bottini v Bottini, 164 AD3d 556, 558; Sarlo-Pinzur v Pinzur, 59 AD3d 607, 607-608; see also James v Powell, 19 NY2d 249, 256 n 3). The only issue the defendant raises on this appeal is whether the plaintiff established its standing to maintain the action. This issue was litigated at the inquest and was determined by the Supreme Court at the inquest. Thus, the issue of the plaintiff's standing is properly before us.
Contrary to the defendant's contention, the plaintiff does not rely on a written assignment of mortgage to prove its standing; the plaintiff only contends that it acquired standing through its physical possession of the note at the time of the commencement of the action. Thus, the validity of the assignment of mortgage is irrelevant to the issue of the plaintiff's standing at the time the action was commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Wells Fargo Bank, N.A. v Charlaff, 134 AD3d 1099).
The plaintiff established its standing to foreclose at the inquest. Kavalry, a loan verification analyst employed by the plaintiff, testified as to her personal knowledge of the plaintiff's business records relating to this particular mortgage loan. She testified that at the time of commencement of the foreclosure action, the plaintiff was in possession of the original note, and she substantiated that testimony through documentary evidence. The plaintiff also submitted documentation from the Comptroller of Currency confirming that the plaintiff and the original lender, Wachovia, merged, effective November 1, 2009. Additionally, a copy of the subject note was attached to the complaint in this action, with the copy containing a signed but undated endorsement in blank from Wachovia. Annexation of a copy of the note to the complaint, interposed at the time of commencement of this action, also established that the plaintiff had standing (see U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645).
Accordingly, we affirm the judgment of foreclosure and sale.
SCHEINKMAN, P.J., MASTRO, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court