Deutsche Bank Natl. Trust Co. v Hossain (2021 NY Slip Op 04480)





Deutsche Bank Natl. Trust Co. v Hossain


2021 NY Slip Op 04480


Decided on July 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-07265 
2018-07266
 (Index No. 9800/08)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Mehdie Hossain, et al., appellants, et al., defendants.


Legal Aid Society of Rockland County, Inc., New City, NY (Edvin Markisich of counsel), for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Charles Jeanfreau of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Mehdie Hossain and Shahla Isphahni appeal from (1) an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated April 11, 2018, and (2) a judgment of foreclosure and sale of the same court dated April 11, 2018. The order dated April 11, 2018, granted the plaintiff's unopposed motion for a judgment of foreclosure and sale. The judgment of foreclosure and sale, upon an order of the same court (William A. Kelly, J.) dated November 17, 2016, inter alia, granting those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants Mehdie Hossain and Shahla Isphahni and for an order of reference, and upon the order dated April 11, 2018, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order dated April 11, 2018, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants Mehdie Hossain and Shahla Isphahni and for an order of reference are denied, the plaintiff's motion for a judgment and foreclosure and sale is denied, and the orders dated November 17, 2016, and April 11, 2018, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants Mehdie Hossain and Shahla Isphahni.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Mehdie Hossain and Shahla Isphahni (hereinafter together the defendants)[FN1]. Although [*2]the defendants answered the complaint, their answer was stricken as a result of their failure to comply with discovery demands. The plaintiff moved, inter alia, for leave to enter a default judgment against the defendants and for an order of reference. The defendants opposed the motion, arguing that the plaintiff failed to submit an "affidavit made by the party" or "proof of the facts constituting the claim" (CPLR 3215[f]). In an order dated November 17, 2016, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference.
Thereafter, in an order dated April 11, 2018, the Supreme Court granted the plaintiff's unopposed motion for a judgment of foreclosure and sale, and the court entered a judgment of foreclosure and sale. The defendants appeal from the order dated April 11, 2018, and the judgment of foreclosure and sale.
The appeal from the order dated April 11, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). Although no appeal lies from a judgment entered upon the default of an appealing party (see CPLR 5511; Development Strategies Co., LLC, Profit Sharing Plan v Astoria Equities, Inc., 71 AD3d 628; Murphy v Shaw, 34 AD3d 657, 658), "an appeal from such a judgment brings up for review those matters which were the subject of contest before the Supreme Court" (Wells Fargo Bank, N.A. v Davis, 181 AD3d 890, 892; see James v Powell, 19 NY2d 249, 256 n 3; Wells Fargo Bank, N.A. v Harrison, 188 AD3d 1298, 1299).
"'Where, as here, a foreclosure complaint is not verified, CPLR 3215(f) states, among other things, that upon any application for a judgment by default, proof of the facts constituting the claim, the default, and the amount due are to be set forth in an affidavit made by the party'" (HSBC Bank USA, N.A. v Cooper, 157 AD3d 775, 776 [emphasis omitted], quoting HSBC Bank USA, N.A. v Betts, 67 AD3d 735, 736). Here, in support of its motion, the plaintiff submitted an affidavit of merit executed by a "Document Execution Specialist" who was employed by the plaintiff's servicing agent (cf. Aames Capital Corp. v Ford, 294 AD2d 134, 134). The affiant asserted that she had personal knowledge of the merits of the plaintiff's cause of action based upon her review of various business records. However, as the defendants correctly contend, since the plaintiff failed to attach the business records upon which the affiant relied in her affidavit, her factual assertions based upon those records constituted inadmissible hearsay, and her affidavit was insufficient to demonstrate "proof of the facts constituting the claim" (CPLR 3215[f]; see Deutsche Bank Natl. Trust Co. v Gulati, 188 AD3d 999, 1001; Wells Fargo Bank, N.A. v Yesmin, 186 AD3d 1761, 1762; Deutsche Bank Natl. Trust Co. v McGann, 183 AD3d 700, 702; Federal Natl. Mtge. Assn. v Brottman, 173 AD3d 1139, 1141). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference.
In light of the foregoing, we need not address the defendants' remaining contention.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court



Footnotes

Footnote 1:The defendant Shahla Isphahni passed away after these appeals were perfected. Under the circumstances of this case, an estate representative need not be substituted for the decedent (see CPLR 1015[b]).