Nationstar Mtge., LLC v Reitman (2021 NY Slip Op 05575)





Nationstar Mtge., LLC v Reitman


2021 NY Slip Op 05575


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
REINALDO E. RIVERA
COLLEEN D. DUFFY
WILLIAM G. FORD, JJ.


2017-05926
 (Index No. 69039/14)

[*1]Nationstar Mortgage, LLC, respondent,
v
Germaine Reitman, appellant, et al., defendants.


Miller, Miller & Shandler, Haverstraw, NY (Phyllis W. Shandler of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret S. Stefandl of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Germaine Reitman appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated April 6, 2017. The order and judgment of foreclosure and sale granted the plaintiff's unopposed motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property. The appeal from the order and judgment of foreclosure and sale brings up for review an order of the same court dated September 12, 2016, inter alia, granting those branches of the plaintiff's motion which were, in effect, for leave to enter a default judgment against the defendant Germaine Reitman and for an order of reference.
ORDERED that the appeal from the order and judgment of foreclosure and sale is dismissed, except insofar as it brings up for review the order dated September 12, 2016, inter alia, granting those branches of the plaintiff's motion which were, in effect, for leave to enter a default judgment against the defendant Germaine Reitman and for an order of reference; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced the instant action to foreclose a mortgage against, among
others, the defendant Germaine Reitman (hereinafter the defendant). The defendant filed a notice of appearance through counsel, but did not interpose an answer. Thereafter, the plaintiff moved, among other things, in effect, for leave to enter a default judgment against the defendant and for an order of reference. The defendant opposed that motion. By order dated September 12, 2016, the Supreme Court, inter alia, granted those branches of the plaintiff's motion.
The plaintiff subsequently moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant did not oppose that motion. On April 6, 2017, the Supreme Court granted the plaintiff's unopposed motion and entered an order and judgment of foreclosure and sale. The defendant appeals from the order and judgment of foreclosure and sale.
No appeal lies from an order or judgment made upon the default of the appealing party (see CPLR 5511; Development Strategies Co., LLC, Profit Sharing Plan v Astoria Equities, [*2]Inc., 71 AD3d 628; Murphy v Shaw, 34 AD3d 657, 658). However, "'an appeal from such judgment brings up for review those matters which were the subject of contest before the Supreme Court'" (Deutsche Bank Natl. Trust Co. v Hossain, 196 AD3d 631, 633, quoting Wells Fargo Bank, N.A. v Davis, 181 AD3d 890, 892; see James v Powell, 19 NY2d 249, 256 n 3). Accordingly, in this case, review is limited to so much of the order and judgment of foreclosure and sale as brings up for review the order dated September 12, 2016, inter alia, granting those branches of the plaintiff's motion which were, in effect, for leave to enter a default judgment against the defendant and for an order of reference (see Bank of N.Y. Mellon Trust Co., N.A. v Sukhu, 163 AD3d 748, 750).
A plaintiff seeking leave to enter a default judgment under CPLR 3215 must file proof of: (1) service of a copy or copies of the summons and the complaint, (2) the facts constituting the claim, and (3) the defendant's default (see CPLR 3215[f]; National Loan Invs., L.P. v Bruno, 191 AD3d 999, 1001; HSBC Bank USA, N.A. v Diallo, 190 AD3d 959, 960). Here, the plaintiff satisfied these requirements, and the defendant failed to defeat the plaintiff's showing. The defendant failed to show either that there was no default, or that he had a reasonable excuse for his default and a potentially meritorious defense (see Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d 1192, 1195; Liberty County Mut. v Avenue I Med., P.C., 129 AD3d 783, 785). Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were, in effect, for leave to enter a default judgment against the defendant and for an order of reference (see Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006).
LASALLE, P.J., RIVERA, DUFFY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court