Citimortgage, Inc. v Malek (2022 NY Slip Op 01137)





Citimortgage, Inc. v Malek


2022 NY Slip Op 01137


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-02620
 (Index No. 13692/15)

[*1]Citimortgage, Inc., etc., respondent, 
v
Diana Malek, appellant, et al., defendants.


Wolf & Associates, PLLC, Brooklyn, NY (Martin Wolf of counsel), for appellant.
Akerman LLP, New York, NY (Ashley S. Miller and Jordan Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Diana Malek appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 4, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Diana Malek and dismissing her affirmative defenses and counterclaims, and for an order of reference, and appointed a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2007, the defendant Diana Malek (hereinafter the defendant) borrowed the sum of $633,750 from ABN Amro Mortgage Group, Inc. (hereinafter ABN Amro). The loan was memorialized by a note and secured by a mortgage given to ABN Amro, encumbering certain real property in Brooklyn.
The defendant allegedly defaulted on the loan by failing to make the payment of principal and interest due on September 1, 2009. Thereafter, in July 2010, the plaintiff commenced an action against the defendant, among others, to foreclose the mortgage (hereinafter the 2010 action). In the 2010 action, the plaintiff moved for summary judgment on the complaint, and the defendant cross-moved to dismiss the complaint. In an order dated March 3, 2015, the Supreme Court denied the plaintiff's motion, granted the defendant's cross motion, and directed dismissal of the 2010 action without prejudice.
On November 19, 2015, the plaintiff commenced the instant action against the defendant, among others, seeking to foreclose the same mortgage. The defendant interposed an answer asserting various affirmative defenses and counterclaims. The plaintiff subsequently moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant and dismissing her affirmative defenses and counterclaims, and for an order of reference. The defendant opposed the motion. In an order dated January 4, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion, and appointed a referee to ascertain and compute the amount due to the plaintiff. The defendant appeals.
Contrary to the defendant's contention, the plaintiff demonstrated, prima facie, its standing as the holder of the note at the time it commenced this action, by submitting documentation from the Secretary of State confirming that the plaintiff and the original lender, ABN Amro, merged, effective September 1, 2007 (see Wells Fargo Bank, N.A. v Davis, 181 AD3d 890). Additionally, the plaintiff established its physical possession of the note at the time of commencement of this action by annexing a copy of the note, endorsed in blank, to the summons and complaint (see id. at 893; U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1135; Deutsche Bank Nat. Tr. Co. v Carlin, 152 AD3d 491, 492). Where, as here, an entity is in possession of a negotiable instrument that has been endorsed in blank, it need not establish how it came into possession of the instrument in order to be able to enforce it (see UCC 3-204[2]; HSBC Bank USA, N.A. v Chabot, 191 AD3d 648). In opposition, the defendant failed to raise a triable issue of fact as to the plaintiff's standing.
The plaintiff also established its prima facie entitlement to judgment as a matter of law dismissing the defendant's affirmative defense alleging that this action is time-barred. An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due" (U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807, 808; see U.S. Bank N.A. v Atia, 178 AD3d 747, 749). "However, 'even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (U.S. Bank Trust, N.A. v Aorta, 167 AD3d at 808, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). Here, the 2010 action, which purportedly accelerated the debt, was commenced in or about July 2010. Since the instant action was commenced in November 2015, before the six-year limitations period expired, the plaintiff met its initial burden of demonstrating, prima facie, that this action was not time-barred. In opposition, the defendant presented no evidence that the debt was accelerated prior to July 2010 such that the statute of limitations began to run at some earlier date.
Contrary to the defendant's further contention, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law dismissing the defendant's counterclaim alleging violations of General Business Law § 349. In opposition, the defendant failed to raise a triable issue of fact (see Disa Realty, Inc. v Rao, 168 AD3d 1037).
Furthermore, the defendant, in opposition to the plaintiff's motion, failed to demonstrate that, under the totality of the circumstances, the plaintiff engaged in bad faith conduct in declining her applications for loan modifications (see CPLR 3408; Bank of Am. N.A. v Masri, 158 AD3d 660).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing her affirmative defenses and counterclaims, and for an order of reference.
DILLON, J.P., BARROS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court