Wilmington Trust Co. v Buscemi (2022 NY Slip Op 04323)

Wilmington Trust Co. v Buscemi

2022 NY Slip Op 04323

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2019-04025
 (Index No. 612094/17)

[*1]Wilmington Trust Company, etc., respondent,
v
Michele Buscemi, etc., appellant, et al., defendant.

Michele Buscemi, Mt. Sinai, NY, appellant pro se.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Charles H. Jeanfreau of counsel), for respondent.
In an action to foreclose a mortgage, the defendant Michele Buscemi appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (John H. Rouse, J.), entered February 6, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated June 25, 2018, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Michele Buscemi and for an order of reference, among other things, denied that defendant's motion for leave to reargue her opposition to those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against her and for an order of reference, granted the plaintiff's unopposed motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.

DECISION & ORDER
Motion by the plaintiff, inter alia, to dismiss the appeal from the order and judgment of foreclosure and sale on the grounds that no appeal lies from an order and judgment entered upon the default of the appealing party and that no appeal lies from so much of an order and judgment as brings up for review an order denying reargument. By decision and order on motion of this Court dated March 13, 2020, that branch of the plaintiff's motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the plaintiff's motion which is to dismiss the appeal on the grounds that no appeal lies from an order and judgment entered upon the default of the appealing party and that no appeal lies from so much of an order and judgment as brings up for review an order denying reargument is granted to the extent that the appeal is dismissed except insofar as it brings up for review the order dated June 25, 2018, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Michele Buscemi and for an order of reference, and that branch of the motion is otherwise denied; and it is further,
ORDERED that the appeal from so much of the order and judgment of foreclosure [*2]and sale as brings up for review the order dated June 25, 2018, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Michele Buscemi and for an order of reference is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced the instant action to foreclose a mortgage against, among others, the defendant Michele Buscemi (hereinafter the defendant). The defendant answered. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed that motion. By order dated June 25, 2018, the Supreme Court, among other things, granted those branches of the plaintiff's motion.
Thereafter, the defendant moved for leave to reargue her opposition to those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against her and for an order of reference. The plaintiff subsequently moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant did not oppose that motion. In an order and judgment of foreclosure and sale entered February 6, 2019, the Supreme Court, inter alia, denied the defendant's motion for leave to reargue, granted the plaintiff's unopposed motion, and directed the sale of the subject property. The defendant appeals.
The denial of a motion for leave to reargue is not appealable (see JPMorgan Chase Bank, N.A. v Lee, 186 AD3d 687, 688; Coque v Wildflower Estates Devs., Inc., 31 AD3d 484) and, therefore, the appeal from so much of the order and judgment of foreclosure and sale as denied the defendant's motion for leave to reargue must be dismissed.
Further, no appeal lies from an order or judgment made upon the default of the appealing party (see CPLR 5511; Nationstar Mtge., LLC v Reitman, 198 AD3d 793; Development Strategies Co., LLC, Profit Sharing Plan v Astoria Equities, Inc., 71 AD3d 628; Murphy v Shaw, 34 AD3d 657, 658). However, "'an appeal from such judgment brings up for review those matters which were the subject of contest before the Supreme Court'" (Nationstar Mtge., LLC v Reitman, 198 AD3d at 794, quoting Deutsche Bank Natl. Trust Co. v Hossain, 196 AD3d 631, 633 [internal quotation marks omitted]; see James v Powell, 19 NY2d 249, 256 n 3; Wells Fargo Bank, N.A. v Davis, 181 AD3d 890, 892). Accordingly, in this case, review is limited to so much of the order and judgment of foreclosure and sale as brings up for review the order dated June 25, 2018, among other things, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference (see Nationstar Mtge., LLC v Reitman, 198 AD3d at 794-795; Bank of N.Y. Mellon Trust Co., N.A. v Sukhu, 163 AD3d 748, 750).
It is the obligation of the appellant to assemble a proper record on appeal (see Lee v Barnett, 134 AD3d 908, 910; 425 E. 26th St. Owners Corp. v Beaton, 128 AD3d 766, 767). An appellant's record must contain all of the relevant papers that were before the Supreme Court (see CPLR 5526; Aurora Indus., Inc. v Halwani, 102 AD3d 900, 901; Fernald v Vinci, 13 AD3d 333). Here, the record compiled by the defendant does not include the majority of papers submitted in support of, and in opposition to, the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against her and for an order of reference. Therefore, the record is inadequate to allow this Court to render an informed decision pertaining to the June 25, 2018 order. Accordingly, the remainder of the appeal must be dismissed (see 425 E. 26th St. Owners Corp. v Beaton, 128 AD3d at 767; Aurora Indus., Inc. v Halwani, 102 AD3d at 901).
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court