Real Estate Mtge. Network, Inc. v Mason (2023 NY Slip Op 03252)

Real Estate Mtge. Network, Inc. v Mason

2023 NY Slip Op 03252

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-02366
 (Index No. 22629/10)

[*1]Real Estate Mortgage Network, Inc., respondent,
v
Norma Mason, appellant, et al., defendant.

Michael Kennedy Karlson, New York, NY, for appellant.
Polsinelli P.C., New York, NY (Robert H. King of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Norma Mason appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Ingrid Joseph, J.), entered December 12, 2019. The order and judgment of foreclosure and sale, upon an order of the same court (Peter J. Sweeney, J.) dated June 5, 2017, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference, among other things, granted those branches of the plaintiff's motion which were to confirm a referee's report, to reform the legal description contained in the subject mortgage and the source deed nunc pro tunc, and for a judgment of foreclosure and sale, confirmed the referee's report, reformed the legal description contained in the subject mortgage and the source deed nunc pro tunc, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is modified, on the law, (1) by deleting the provision thereof granting those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provisions thereof confirming the referee's report and directing the sale of the subject property, and substituting therefor a provision rejecting the referee's report; as so modified, the order and judgment of foreclosure and sale is affirmed, with costs to the defendant Norma Mason, and the matter is remitted to the Supreme Court, Kings County, for a new report computing the amount due to the plaintiff in accordance herewith, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
The plaintiff commenced this action against the defendant Norma Mason (hereinafter the defendant), among others, to foreclose a mortgage on certain property located in Brooklyn. The defendant interposed an answer asserting various affirmative defenses. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. By order dated June 5, 2017, the Supreme Court, among other things, granted the plaintiff's motion on default, struck the defendant's answer, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
Thereafter, the plaintiff moved, inter alia, to confirm the referee's report, to reform the legal description contained in the subject mortgage and the source deed nunc pro tunc, and for [*2]a judgment of foreclosure and sale. The defendant opposed the motion. In an order and judgment of foreclosure and sale, the Supreme Court, among other things, granted those branches of the plaintiff's motion, confirmed the referee's report, reformed the legal description contained in the subject mortgage and the source deed nunc pro tunc, and directed the sale of the subject property. The defendant appeals.
The defendant's contentions that the plaintiff, in moving for summary judgment, failed to establish its standing to commence the action or its compliance with RPAPL 1304 are not properly before this Court. While the appeal from the judgment brings up for review those matters which were subject of contest before the Supreme Court (see Bank of N.Y. Mellon Trust Co., N.A. v Sukhu, 163 AD3d 748, 749-750), the subject contentions are raised for the first time on appeal. Contrary to the defendant's contention, the court providently exercised its discretion in declining to consider her untimely papers served in opposition to the plaintiff's motion for summary judgment (see Deutsche Bank Natl. Trust Co. v McEnery, 197 AD3d 1238; Risucci v Zeal Mgt. Corp., 258 AD2d 512).
Nevertheless, the Supreme Court erred in granting those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale. "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (HSBC Bank USA, N.A. v Cherestal, 178 AD3d 680, 682 [internal quotation marks omitted]; see U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020). However, computations based on the "review of unidentified and unproduced business records . . . constitute[ ] inadmissible hearsay and lack[ ] probative value" (Wells Fargo Bank, NA v Oziel, 196 AD3d 618, 621; see Hudson City Sav. Bank v DePasquale, 189 AD3d 1558, 1561). Here, the plaintiff contends that the affidavit of its employee provided an adequate foundation for the referee's decision. However, the plaintiff did not submit the business records upon which its employee purportedly relied in making her computations, including the calculations of taxes and insurance disputed by the defendant. Consequently, the referee's findings were not substantially supported by the record (see Bank of N.Y. Mellon v Conforti, 209 AD3d 942; Christiana Trust v Campbell, 202 AD3d 750, 751; Wilmington Sav. Fund Socy., FSB v Isom, 190 AD3d 786, 788; Nationstar Mtge., LLC v Cavallaro, 181 AD3d 688, 689).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and the matter must be remitted to the Supreme Court, Kings County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
The defendant's remaining contention is without merit.
DILLON, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court