**Bates Holdings II LLC v ZB Prospect Realty, LLC**

2024 NY Slip Op 34366(U)

December 16, 2024

Supreme Court, Kings County

Docket Number: Index No. 509047/2024

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
----------------------------------------x
BATES HOLDINGS II LLC, acting by and through
its servicer Field Point Servicing, LLC,

                          Plaintiff,          Decision and order

                                          Index No. 509047/2024

              - against -

ZB PROSPECT REALTY, LLC, ZALMEN
BIEDERMAN, CITY OF NEW YORK
ENVIRONMENTAL CONTROL BOARD, NEW
YORK CITY DEPARTMENT OF FINANCE, NEW
YORK STATE DEPARTMENT OF TAXATION
AND FINANCE, U.S. SMALL BUSINESS
ADMINISTRATION, and "JOHN DOE #1" through
"JOHN DOE #12," the last twelve names being
fictitious and unknown to the Plaintiff, the
persons or parties, if any, having or claiming
an interest in or lien upon the premises,
described in the Complaint,
                          Defendants,          December 16, 2024
----------------------------------------x
PRESENT: HON. LEON RUCHELSMAN               Motion Seq. #3

The plaintiff has moved seeking a default judgement or alternatively summary judgement. The defendants have opposed the motion. Papers were submitted by the parties and arguments held. After reviewing all the arguments this court now makes the following determination.

As recorded in a prior order, on November 21, 2019 the defendants executed a mortgage and accompanying agreements in the amount of $8,250,000. The mortgage and note were assigned to the plaintiff on October 4, 2021. The mortgage and note concerned property located at 846 Prospect Place in Kings County. The plaintiff alleges a default occurred when the defendants failed

[*1]

to make any payments in October 2020. Although some payments were made after that date following an attempt to globally resolve the outstanding debts, as of the filing of the summons and complaint the defendants owed $7,481,592.58 plus interest, late charges and other fees.

The plaintiff has now moved seeking essentialyl summary judgement. As noted, the motion is opposed.

## Conclusions of Law

Where the material facts at issue in a case are in dispute summary judgment cannot be granted (Zuckerman v. City of New York, 49 NYS2d 557, 427 NYS2d 595 [1980]). Generally, it is for the jury, the trier of fact to determine the legal cause of any injury, however, where only one conclusion may be drawn from the facts then the question of legal cause may be decided by the trial court as a matter of law (Marino v. Jamison, 189 AD3d 1021, 136 NYS3d 324 [2d Dept., 2021). Thus, to succeed on a motion for summary judgement it is necessary for the movant to make a prima facie showing of an entitlement as a matter of law by offering evidence demonstrating the absence of any material issue of fact (Winegrad v. New York University Medical Center, 64 NY2d 851, 487 NYS2d 316 [1985]). Moreover, a movant cannot succeed upon a motion for summary judgement by pointing to gaps in the opponents case because the moving party must affirmatively present evidence

2

demonstrating the lack of any questions of fact (<u>Velasquez v. Gomez</u>, 44 AD3d 649, 843 NYS2d 368 [2d Dept., 2007]).

Concerning establishing any default or nonpayment, it is well settled that "a proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (<u>Citibank N.A. v. Cabrera</u>, 130 AD3d 861, 14 NYS3d 420 [2d Dept., 2015]). Thus, where a party introduces evidence of the existence of loans, personal guarantees and the defendant's failure to make payments according to the terms of the instruments then summary judgement is proper (<u>see</u>, <u>JPMorgan Chase Bank N.A., v. Bauer</u>, 92 AD3d 641, 938 NYS2d 190 [2d Dept., 2012]). In this case, as noted, the plaintiff submitted the affidavit of Sean Barry who stated that he reviewed the plaintiff's records in connection with the loans extended in this case. He further stated that all the documents he reviewed were maintained in the regular course of business and all such records were made near their occurrence with someone who had knowledge at that time and that the plaintiff's standard practice is to keep such records in the ordinary course of business (<u>see</u>, Affidavit of Sean Barry, ¶4 [NYSCEF Doc. No. 21]). Thus, the plaintiff has established the admissibility of the records relied upon since Mr. Barry had knowledge and familiarity of the plaintiff's practices and procedures (<u>see</u>, <u>Cadlerock Joint Venture L.P. v. Trombley</u>, 150

3

[* 3]

AD3d 957, 54 NYS3d 127 [2d Dept., 2017]). Further, it is true that summary judgement is improper where the business records relied upon by the employee have not been submitted for review (see, Real Estate Mortgage Network Inc., v. Mason, 217 AD3d 796, 191 NYS3d 141 [2d Dept., 2023]). However, where all such documents are submitted then the employee may rely upon them. Thus, since in this case Mr. Barry reviewed all the documents and such documents have been submitted for review, there are no questions raised concerning the reliability of Mr. Barry's affidavit.

Furthermore, as already noted in a companion case, there is no merit to the argument the plaintiff failed to establish a prima facie case of default because there are no specific documents establishing non-payment. The mere fact there are no documents supporting non-payment does not mean the plaintiff based the proof of non-payment upon unidentified business records. The non-payment of an amount due is supported by the fact all the documents demonstrate a payment was due and there is no evidence any payment was made. A non-payment of a debt due, something that can properly be characterized as a non-action, may be proven by an examination of all the documents and testimony that no payment occurred. In Wells Fargo Bank, National Association, et al., v. Newhouse, 218 AD3d 1117, 192 NYS3d 393 [4th Dept., 2023] the court characterized the evidence necessary

[*4]

as "affidavit of nonpayment" (id).  Indeed, the plaintiff's evidence submitted does establish prima facie evidence of non-payment.

Therefore, the motion seeking summary judgement that there are no issues of fact the defendant's are in default for the amounts outlined in Mr. Barry's affidavit is granted.

So ordered.

ENTER:

DATED: December 16, 2024
       Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC

5