U.S. Bank N.A. v Marte (2025 NY Slip Op 02954)

U.S. Bank N.A. v Marte

2025 NY Slip Op 02954

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
CHERYL E. CHAMBERS
LILLIAN WAN, JJ.

2022-01725
 (Index No. 703777/21)

[*1]U.S. Bank National Association, etc., respondent,
v
Ana Marte, et al., appellants, et al., defendants. 

PM Law P.C., New York, NY (Pankaj Malik of counsel), for appellants.
McCarter & English, LLP, New York, NY (Adam M. Swanson and Timothy W. Salter of counsel), for respondent.
In an action to foreclose a mortgage, the defendants Ana Marte and Lyssa Bitar, as administrator of the estate of Altagracia Then, appeal from a judgment of foreclosure and sale of the Supreme Court, Queens County (Mojgan Cohanim Lancman, J.), dated January 20, 2022. The judgment of foreclosure and sale, upon a decision of the same court dated January 14, 2020, made after a nonjury trial, and an order of the same court dated February 26, 2018, inter alia, (1) upon renewal, vacating so much of an order of the same court (Leslie J. Purificacion, J.) dated March 31, 2016, as denied those branches of the plaintiff's prior cross-motion which were for summary judgment, in effect, dismissing the affirmative defense of the defendant Ana Marte alleging noncompliance with RPAPL 1304 and for leave to enter a default judgment against Altragracia Then, and thereupon granted those branches of the prior cross-motion, and (2) denying that branch of the cross-motion of the defendant Ana Marte and Altagracia Then which was for summary judgment dismissing the complaint insofar asserted against them based on the plaintiff's failure to comply with RPAPL 1303, directed the sale of the subject property.

DECISION & ORDER
Motion by the respondent, among other things, to dismiss the appeal on the ground that no appeal lies from a judgment entered upon the default of the appealing party. By decision and order on motion of this Court dated May 22, 2023, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal on the ground that no appeal lies from a judgment entered upon the default of the appealing party is granted; and it is further,
ORDERED that the appeal is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced the instant action to foreclose a mortgage against, among others, the defendant Ana Marte and Altagracia Then. Marte interposed an answer and asserted affirmative defenses. Then did not answer the complaint or otherwise appear in this action.
Insofar as relevant here, the plaintiff moved, inter alia, for leave to renew those branches of its prior cross-motion which were for summary judgment on the complaint insofar as asserted against Marte and, in effect, dismissing certain affirmative defenses of Marte, for leave to enter a default judgment against Then, and for an order of reference, which had been denied in an order dated March 31, 2016 (hereinafter the March 2016 order). Then and Marte opposed the motion and cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them based on the plaintiff's failure to comply with RPAPL 1303, among other grounds.
By order dated February 26, 2018, the Supreme Court granted that branch of the plaintiff's motion which was for leave to renew and, upon renewal, adhered to the determination in the March 2016 order denying those branches of the plaintiff's prior cross-motion which were for summary judgment on the complaint insofar as asserted against Marte and, in effect, dismissing Marte's affirmative defense alleging noncompliance with RPAPL 1303 on the sole ground that the plaintiff's submissions did not demonstrate compliance with RPAPL 1303 and, thus, triable issues of fact remained for trial as to the plaintiff's compliance. The court, upon renewal, also vacated so much of the March 2016 order as denied those branches of the prior cross-motion which were for summary judgment, in effect, dismissing Marte's affirmative defense alleging noncompliance with RPAPL 1304 and for leave to enter a default judgment against Then, and thereupon granted those branches of the prior cross-motion. The court also denied that branch of the cross-motion of Then and Marte which was for summary judgment dismissing the complaint insofar as asserted against them based on the plaintiff's failure to comply with RPAPL 1303. The court limited the trial to the issue of RPAPL 1303 compliance.
In July 2018, Then died and her daughter Lyssa Bitar, as administrator of Then's estate, was substituted for Then in this action.
In September 2019, the Supreme Court conducted a nonjury trial, where the plaintiff and Bitar appeared, but Marte did not appear. In a decision after trial dated January 14, 2020, the court concluded that the plaintiff established its compliance with RPAPL 1303 and, in turn, its entitlement to a judgment of foreclosure and sale. In a judgment of foreclosure and sale dated January 20, 2022, the court, inter alia, directed the sale of the subject property. Marte and Bitar appeal.
"[N]o appeal lies from an order or judgment made upon the default of the appealing party" (Wilmington Trust Co. v Buscemi, 207 AD3d 503, 504; see CPLR 5511; Nationstar Mtge., LLC v Reitman, 198 AD3d 793, 795). Here, Then failed to interpose an answer or appear in the action, and the plaintiff was granted leave to enter a default judgment against her. As neither Then nor Bitar moved to vacate Then's default in failing to answer the complaint or appear in the action, they were properly precluded from raising the plaintiff's alleged failure to comply with the notice provisions of RPAPL as a defense to this action (see U.S. Bank N.A. v Cid, 178 AD3d 875, 876; see Citimortgage, Inc. v Pierce, 203 AD3d 878). Further, Marte defaulted by failing to appear at the trial.
Nevertheless, "'an appeal from [a] judgment brings up for review those matters which were the subject of contest before the Supreme Court'" (Wilmington Trust Co. v Buscemi, 207 AD3d at 504, quoting Nationstar Mtge., LLC v Reitman, 198 AD3d at 794 [internal quotation marks omitted]; see James v Powell, 19 NY2d 249, 256 n 3; Deutsche Bank Natl. Trust Co. v Hossain, 196 AD3d 631, 633). The portion of the February 26, 2018 order that denied that branch of the cross-motion of Then and Marte which was for summary judgment dismissing the complaint insofar as asserted them based on the plaintiff's failure to comply with RPAPL 1303 did not necessarily affect the judgment of foreclosure and sale and therefore cannot be reviewed on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Bonczar v American Multi-Cinema, Inc., [*2]38 NY3d 1023, 1025-1026; Dyszkiewicz v City of New York, 218 AD3d 546, 547; Martell v Dorchester Apt. Corp., 208 AD3d 1183, 1183; Stanescu v Stanescu, 206 AD3d 1031, 1033). Moreover, that portion of the February 26, 2018 order that, upon renewal, vacated so much of the March 2016 order as denied that branch of the plaintiff's prior cross-motion which was for summary judgment, in effect, dismissing Marte's affirmative defense alleging failure to comply with RPAPL 1304, and thereupon granted that branch of the prior cross-motion, may not be brought up for review on the appeal from the judgment of foreclosure and sale because the contentions of Bitar and Marte are raised for the first time on appeal and, thus, were not the subject of contest before the Supreme Court (see Real Estate Mtge. Network, Inc. v Mason, 217 AD3d 796, 797).
Accordingly, we dismiss the appeal.
CONNOLLY, J.P., GENOVESI, CHAMBERS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court