TLOA Mtge., LLC v 109-08 N. Blvd, LLC (2025 NY Slip Op 04804)

TLOA Mtge., LLC v 109-08 N. Blvd, LLC

2025 NY Slip Op 04804

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
JAMES P. MCCORMACK, JJ.

2023-11315
 (Index No. 704446/21)

[*1]TLOA Mortgage, LLC, respondent, 
v
109-08 Northern Blvd, LLC, et al., appellants, et al., defendants.

Law Offices of Bruce Richardson, P.C., New York, NY, for appellants.
The Camporeale Law Group PLLC, New York, NY (Michael E. Camporeale of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants 109-08 Northern Blvd, LLC, and Merly Y. Vera Bustamante appeal from a judgment of foreclosure and sale of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered February 21, 2023. The judgment of foreclosure and sale, upon so much of an order of the same court dated February 14, 2023, as granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, the order dated February 14, 2023, is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.
The plaintiff commenced this action against 109-08 Northern Blvd, LLC, and its sole member, Merly Y. Vera Bustamante (hereinafter together the defendants), among others, to foreclose a mortgage encumbering commercial property located in Queens. As additional security for the mortgage loan, Bustamante had executed an agreement personally guaranteeing repayment of the loan. In an order dated April 13, 2022, the Supreme Court granted the plaintiff's motion, among other things, for leave to enter a default judgment and for an order of reference. In November 2022, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. As is relevant to this appeal, the defendants opposed the motion. In an order dated February 14, 2023, the court, inter alia, granted the plaintiff's motion. In a judgment of foreclosure and sale entered February 21, 2023, the court, among other things, granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the property. The defendants appeal from the judgment of foreclosure and sale.
Contrary to the plaintiff's contention, the appeal from the judgment of foreclosure and sale brings up for review those matters which were the "subject of contest" before the Supreme Court, which includes the defendants' opposition to the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale (James v Powell, 19 NY2d 249, 256 n 3; see Wells [*2]Fargo Bank, N.A. v Harrison, 188 AD3d 1298, 1299; Hegarty v Ballee, 18 AD3d 706, 706).
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Real Estate Mtge. Network, Inc. v Mason, 217 AD3d 796, 797 [internal quotation marks omitted]; see U.S. Bank N.A. v Jong Shin, 224 AD3d 933, 936; Pennymac Corp. v Pryce, 211 AD3d 1029, 1030). However, computations based upon a review of unidentified and unproduced business records constitute inadmissible hearsay and lack probative value (see Bank of N.Y. Mellon v Glasgow, 232 AD3d 754, 755; Real Estate Mtge. Network, Inc. v Mason, 217 AD3d at 798).
Contrary to the plaintiff's contention, the referee's findings with respect to the amount due to the plaintiff were based upon unidentified and unproduced business records (see LFC Acquisition 3, LLC v Encino Homes Corp., 227 AD3d 1060, 1062; Bank of N.Y. Mellon v Singh, 205 AD3d 866, 868). Since the computations of the loan servicer's employee as to the amounts due to the plaintiff were based on unidentified and unproduced business records, the employee's assertions in those regards constituted inadmissible hearsay and lacked probative value (see Deutsche Bank Natl. Trust Co. v Geslani, 222 AD3d 835, 838; Deutsche Bank Natl. Trust Co. v Hossain, 196 AD3d 631, 632-633). Accordingly, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and we remit the matter to the Supreme Court, Queens County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter (see Bank of N.Y. Mellon v Glasgow, 232 AD3d at 756; Real Estate Mtge. Network, Inc. v Mason, 217 AD3d at 798).
MILLER, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court