Cumanet, LLC v Murad (2020 NY Slip Op 07033)





Cumanet, LLC v Murad


2020 NY Slip Op 07033


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2018-13626
2019-07989
 (Index No. 1987/16)

[*1]Cumanet, LLC, respondent, 
v
David P. Murad, etc., et al., appellants, et al., defendants.


Lester & Associates, P.C., Garden City, NY (Gabriel R. Korinman of counsel), for appellants.
David A. Gallo & Associates, LLP, Roslyn Heights, NY (Jonathan M. Cohen of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendants David P. Murad and Joanne Murad appeal from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), both entered June 25, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants David P. Murad and Joanne Murad, in effect, on the first and second causes of action and for an order of reference, and denied those branches of the cross motion of the defendants David P. Murad and Joanne Murad which were pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned or, in the alternative, to compel the acceptance of a late answer. The second order, insofar as appealed from, granted the same relief to the plaintiff, denied the same relief to the defendants David P. Murad and Joanne Murad, and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, without costs or disbursements.
By summons and complaint dated February 25, 2016, the plaintiff commenced this action against, among others, the defendants David P. Murad and Joanne Murad (hereinafter together the defendants). The first cause of action sought to foreclose a certain consolidated mortgage encumbering a parcel of residential real property located in Nassau County. The second cause of action sought to correct certain errors that allegedly had been made in connection with the underlying chain of assignments.
By notice of motion dated January 25, 2018, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants, in effect, on the first and second causes of action and for an order of reference. The defendants opposed the plaintiff's motion and cross-moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned or, in the alternative, to compel the acceptance of a late answer, pursuant to CPLR 3012(d) or 317.
In an order entered June 25, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants, in effect, on the first and second causes of action and for an order of reference. The court denied those branches of the defendants' cross motion which were pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned or, in the alternative, to compel the acceptance of a late answer. In a second order also entered June 25, 2018, the court, among other things, granted the same relief to the plaintiff, denied the same relief to the defendants, and referred the matter to a referee to compute the amount due to the plaintiff.
On appeal, the defendants contend that the Supreme Court erred in denying that branch of their cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned. This contention is without merit.
"If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215[c]). "The policy behind CPLR 3215(c) is to prevent parties who have asserted claims from unreasonably delaying the termination of actions, and to avoid inquests on stale claims" (Giglio v NTIMP, Inc., 86 AD3d 301, 307).
To avoid dismissal pursuant to CPLR 3215(c), "[i]t is not necessary for a plaintiff to actually obtain a default judgment within one year of the default" (US Bank N.A. v Dorestant, 131 AD3d 467, 469; see Aurora Loan Servs., LLC v Gross, 139 AD3d 772, 774), and "a plaintiff is not even required to specifically seek a default judgment within a year" (Wells Fargo Bank, N.A. v Daskal, 142 AD3d 1071, 1072-1073; see US Bank N.A. v Dorestant, 131 AD3d at 469). Rather, "[a]s long as 'proceedings' are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be subject to dismissal" (Brown v Rosedale Nurseries, 259 AD2d 256, 257 [internal quotation marks omitted]; see U.S. Bank, N.A. v Duran, 174 AD3d 768, 770; Wells Fargo Bank, N.A. v Lilley, 154 AD3d 795, 796; HSBC Bank USA, N.A. v Alexander, 124 AD3d 838, 839). Furthermore, where an action is subject to a mandatory settlement conference (see CPLR 3408), the one-year deadline imposed by CPLR 3215(c) "is tolled while settlement conferences are pending" (HSBC Bank USA, N.A. v Seidner, 159 AD3d 1035, 1036; see Uniform Rules for Trial Cts [22 NYCRR] § 202.12a[c][7]; JPMorgan Chase Bank, N.A. v Hosain, 178 AD3d 785, 787; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852).
Here, the record demonstrates that the defendants were served with the summons and complaint pursuant to CPLR 308(2), and that proof of such service was filed with the Nassau County Clerk's Office on March 25, 2016 (see CPLR 308[2]; see also General Construction Law § 20). The defendants were required to serve an answer, or make a motion which has the effect of extending the time to answer, within 30 days after service was completed (see CPLR 320[a]). Without more, the failure to answer or move within the allowable time period constituted a default (see CPLR 3215[a]; U.S. Bank N.A. v Gilchrist, 172 AD3d 1425, 1427-1428).
However, the record demonstrates that the plaintiff and the defendants participated in mandatory settlement conferences that were pending from April 27, 2016, until February 7, 2017 (see CPLR 3408). With limited exceptions not applicable here, "[a]ll motions . . . shall be held in abeyance while settlement conferences are being held" (Uniform Rules for Trial Cts [22 NYCRR] § 202.12a[c][7]; see JPMorgan Chase Bank, N.A. v Hosain, 178 AD3d at 787; cf. Tatar v Port Auth. of N.Y. & N.J., 291 AD2d 554, 555). The defendants concede that the plaintiff made its motion for a default judgment less than one year after the action was released from the mandatory settlement conference part on February 7, 2017 (see CPLR 2211). Under these circumstances, the record demonstrates that the plaintiff "[took] proceedings for the entry of judgment within one year after the default" as required by CPLR 3215(c) (cf. HSBC Bank USA, N.A. v Slone, 174 AD3d 866, 867; U.S. Bank N.A. v White, 174 AD3d 764, 765; HSBC Bank USA, N.A. v Uddin, 174 AD3d 689, 691; see generally Citimortgage, Inc. v Borek, 171 AD3d 848, 850-851). Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendants' cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned.
The defendants next contend that the Supreme Court should have granted that branch of their cross motion which was to compel the acceptance of a late answer pursuant to CPLR 3012(d). This contention is also without merit.
"Upon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default" (CPLR 3012[d]). Accordingly, "a trial court has the discretionary power to extend the time to plead, or to compel acceptance of an untimely pleading 'upon such terms as may be just,' provided that there is a showing of a reasonable excuse for the delay" (Emigrant Bank v Rosabianca, 156 AD3d 468, 472, quoting CPLR 3012[d]).
As relevant here, "[t]o extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (Bank of N.Y. Mellon v Tedesco, 174 AD3d 490, 491; see US Bank N.A. v Dedomenico, 162 AD3d 962, 964; see also CPLR 2004, 5015[a][1]). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1027; U.S. Bank N.A. v Sachdev, 128 AD3d 807, 807-808).
Here, the defendants' mere denial of receipt of the summons and complaint did not constitute a reasonable excuse for their default (see Bank of N.Y. Mellon v Tedesco, 174 AD3d at 492; HSBC Bank USA, N.A. v Powell, 148 AD3d 1123, 1124; TCIF REO GCM, LLC v Walker, 139 AD3d 704, 705). To the extent that the defendants contend on appeal that they were not served with process (cf. CPLR 5015[a][4]), their submissions were insufficient to rebut the affidavits of service that were submitted by the plaintiff in support of its motion (see US Bank N.A. v Cherubin, 141 AD3d 514, 515-516; Scarano v Scarano, 63 AD3d 716, 716; Simonds v Grobman, 277 AD2d 369, 370; European Am. Bank v Abramoff, 201 AD2d 611, 612; cf. Machovec v Svoboda, 120 AD3d 772, 773-774; Green Point Sav. Bank v Taylor, 92 AD2d 910, 910).
The defendants also assert that they believed that they did not need to answer the complaint because they participated in the mandatory settlement conferences and submitted documentation in an attempt to secure a loan modification (cf. Armstrong Trading, Ltd. v MBM Enters., 29 AD3d 835, 836; Scarlett v McCarthy, 2 AD3d 623, 623-624; Lehrman v Lake Katonah Club, 295 AD2d 322; Swain v Janzen, 121 AD2d 378, 379). Without more, these claims do not constitute a reasonable excuse for the defendants' failure to answer or move within the applicable period (see Wells Fargo Bank N.A. v Javier, 153 AD3d 1199, 1199-1200; HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647, 648; Community Preserv. Corp. v Bridgewater Condominiums, LLC, 89 AD3d 784, 785; Antoine v Bee, 26 AD3d 306, 306). The defendants' further claims that they were not knowledgeable about the law and that they did not know that they needed to submit an answer also do not constitute a reasonable excuse for their default (see US Bank, N.A. v Samuel, 138 AD3d 1105, 1106-1107; Chase Home Fin., LLC v Minott, 115 AD3d 634, 634; U.S. Bank N.A. v Slavinski, 78 AD3d 1167, 1167-1168).
Contrary to the defendants' further contention, their submissions failed to demonstrate that they defaulted in this action as a result of a mental health issue experienced by David P. Murad (see Pierot v Leopold, 154 AD3d 791, 792; National Union Fire Ins. Co. of Pittsburgh, Pa. v Diamond, 39 AD3d 360, 360; cf. Osman v Osman, 83 AD3d 1022, 1023-1024).
Since the defendants failed to demonstrate a reasonable excuse for their default, it is unnecessary to determine whether they demonstrated a potentially meritorious defense to the action (see Vega v West Nostrand Realty, LLC, 169 AD3d 855, 856), and the Supreme Court providently exercised its discretion in denying that branch of the defendants' cross motion which was to compel the acceptance of a late answer pursuant to CPLR 3012(d).
The defendants also contend that the Supreme Court should have granted that branch of their cross motion which was to compel the acceptance of a late answer pursuant to CPLR 317. This contention is without merit.
"CPLR 317 permits a defendant who has been served with a summons other than by personal delivery to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a potentially meritorious defense" (Goldfarb v Zhukov, 145 AD3d 757, 758; see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141-142). Although it is not necessary for a defendant moving pursuant to CPLR 317 to show a reasonable excuse for the delay (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 141), "to support a determination granting relief under CPLR 317, a party must still demonstrate, and the Court must find, that the party did not receive actual notice of the summons and complaint in time to defend the action" (Taron Partners, LLC v McCormick, 173 AD3d 927, 929 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Cherestal, 178 AD3d 680, 682).
Here, the defendants' mere denial of receipt of the summons and complaint is not sufficient to establish lack of actual notice of the action in time to defend for the purpose of CPLR 317 (see HSBC Bank USA, N.A. v Cherestal, 178 AD3d at 682; Goldfarb v Zhukov, 145 AD3d at 758). Accordingly, we agree with the Supreme Court's determination to deny that branch of their cross motion which was to compel the acceptance of a late answer pursuant to CPLR 317.
Finally, the defendants argue that the Supreme Court erred in granting those branches of the plaintiff's motion which were for leave to enter a default judgment against them, in effect, on the first and second causes of action and for an order of reference. The defendants' argument is without merit (cf. Diamadopolis v Balfour, 152 AD2d 532, 534).
DILLON, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court