Wells Fargo Bank, N.A. v Hernandez (2022 NY Slip Op 02576)

Wells Fargo Bank, N.A. v Hernandez

2022 NY Slip Op 02576

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2019-09533
 (Index No. 17978/09)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
Dorcas Hernandez, appellant, et al., defendants.

Jonathan Cohen, New York, NY, for appellant.
Gross Polowy, LLC (Reed Smith LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Dorcas Hernandez appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Leonard Livote, J.), dated March 22, 2019. The order and judgment of foreclosure and sale granted the plaintiff's unopposed motion to confirm a referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property. The appeal from the order and judgment of foreclosure and sale brings up for review an order of the same court dated March 19, 2019, inter alia, denying those branches of the motion of the defendant Dorcas Hernandez which were pursuant to CPLR 5015 to vacate prior orders of the same court dated February 25, 2014, and June 20, 2018, and pursuant to CPLR 3012(d) to compel the plaintiff to accept her late answer.
ORDERED that the appeal from the order and judgment of foreclosure and sale is dismissed, except insofar as it brings up for review the order dated March 19, 2019, inter alia, denying those branches of the motion of the defendant Dorcas Hernandez which were pursuant to CPLR 5015 to vacate prior orders of the same court dated February 25, 2014, and June 20, 2018, and pursuant to CPLR 3012(d) to compel the plaintiff to accept her late answer; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On July 7, 2009, the plaintiff commenced this foreclosure action against the defendant Dorcas Hernandez (hereinafter the defendant), among others. The plaintiff filed with the Queens County Clerk's Office an affidavit of service indicating that the defendant was served with the summons and complaint pursuant to CPLR 308(2) on September 4, 2009. The defendant served her answer on the plaintiff in September 2012, and the plaintiff rejected the defendant's answer as untimely.
The defendant moved, inter alia, pursuant to CPLR 3012(d) for leave to file a late answer. In an order dated August 15, 2013, the Supreme Court denied the motion. Thereafter, the plaintiff moved, inter alia, for an order of reference, for a default judgment, and to discontinue the [*2]action insofar as asserted against the defendant Keith Hernandez and to remove his name from the caption. In orders dated February 25, 2014, and June 20, 2018, the court granted the plaintiff's unopposed motion. The defendant subsequently moved, inter alia, pursuant to CPLR 5015 to vacate the orders dated February 25, 2014, and June 20, 2018, and pursuant to CPLR 3012(d) to compel the plaintiff to accept her late answer. In an order dated March 19, 2019, the court, among other things, denied those branches of the defendant's motion.
The plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant failed to oppose the motion. In an order and judgment of foreclosure and sale dated March 22, 2019, the Supreme Court granted the plaintiff's motion and directed the sale of the subject property. The defendant appeals.
No appeal lies from an order or judgment made upon the default of the appealing party (see CPLR 5511; Development Strategies Co., LLC Profit Sharing Plan v Astoria Equities, Inc., 71 AD3d 628; Murphy v Shaw, 34 AD3d 657, 658). However, "'an appeal from such judgment brings up for review those matters which were the subject of contest before the Supreme Court'" (Deutsche Bank Natl. Trust Co. v Hossain, 196 AD3d 631, 633, quoting Wells Fargo Bank, N.A. v Davis, 181 AD3d 890, 892; see James v Powell, 19 NY2d 249, 256 n 3). Accordingly, in this case, review is limited to so much of the order and judgment of foreclosure and sale as brings up for review the order dated March 19, 2019, inter alia, denying those branches of the defendant's motion which were pursuant to CPLR 5015 to vacate the orders dated February 25, 2014, and June 20, 2018, and pursuant to CPLR 3012(d) to compel the plaintiff to accept her late answer.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying that branch of her motion which was pursuant to CPLR 3012(d) to compel the plaintiff to accept her late answer. "Upon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default" (id.; see Cumanet, LLC v Murad, 188 AD3d 1149, 1152-1153).
As relevant here, "'[t]o extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action'" (Cumanet, LLC v Murad, 188 AD3d at 1153, quoting Bank of N.Y. Mellon v Tedesco, 174 AD3d 490, 491; see Deutsche Bank Natl. Trust Co. v Benitez, 179 AD3d 891, 893; see also CPLR 5015[a][1]). "'The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court'" (Cumanet, LLC v Murad, 188 AD3d at 1153, quoting Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1027; see U.S. Bank N.A. v Sachdev, 128 AD3d 807, 807-808). The defendant was required to serve an answer, or make a motion which has the effect of extending the time to answer, within 30 days after service was completed (see CPLR 320[a]).
Here, the defendant's mere denial of receipt of the summons and complaint does not constitute a reasonable excuse for her three-year delay in answering the complaint (see Cumanet, LLC v Murad, 188 AD3d at 1152-1153; Bank of N.Y. Mellon v Tedesco, 174 AD3d at 492; HSBC Bank USA, N.A. v Powell, 148 AD3d 1123, 1124). To the extent that the defendant contends that she was not served with process (cf. CPLR 5015[a][4]), her submissions were insufficient to rebut the affidavits of service that were submitted by the plaintiff (see Cumanet, LLC v Murad, 188 AD3d at 1153; Scarano v Scarano, 63 AD3d 716, 716; Simonds v Grobman, 277 AD2d 369, 370). Since the defendant failed to demonstrate a reasonable excuse for her delay in answering the complaint, it is unnecessary to determine whether she demonstrated a potentially meritorious defense to the action (see Bank of N.Y. Mellon v Tedesco, 174 AD3d at 492). The defendant's submissions were also insufficient to establish her entitlement to vacatur pursuant to CPLR 5015(a)(1) or (4).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 5015 to vacate the orders dated February 25, 2014, and June [*3]20, 2018, and pursuant to CPLR 3012(d) to compel the plaintiff to accept her late answer.
IANNACCI, J.P., MILLER, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court