XL Mktg. Corp. v Luxeyard (2024 NY Slip Op 51112(U))

[*1]

XL Mktg. Corp. v Luxeyard

2024 NY Slip Op 51112(U)

Decided on August 27, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 27, 2024
Supreme Court, New York County

XL Marketing Corp., Plaintiff,

against
Luxeyard, Defendant.

Index No. 653716/2012

Attorney for Plaintiff:
Michael H. Masri of MELTZER, LIPPE, GOLDSTEIN & BREITSTONE LLP
Attorney for the Defendant:
None recorded

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 24 were read on this motion to/for JUDGMENT - DEFAULT.
This action arises from an alleged breach of contract for marketing services rendered, totaling $201,000. In motion sequence 001, plaintiff moves pursuant to CPLR 3215, for default judgment against defendant for failure to appear or respond to the summon and verified complaint. No opposition to the motion was filed.
BACKGROUND
Plaintiff, XL Marketing Corp., is a provider of digital and direct marketing services. From 2011 to 2012, defendant Luxeyard, an online retailer, allegedly used services provided by plaintiff and purportedly agreed to pay for the services. Plaintiff alleges that defendant later ratified its agreement to pay for the services provided by making a partial payment of the amount due. Despite plaintiff's demand for complete payment, it claims that defendant has not paid for the remaining services it received from April 2012 through July 2012.
On October 23, 2012, plaintiff commenced this action by filing a summons and verified complaint. The verified complaint set forth causes of action for breach of contract, account stated, unjust enrichment, and quantum meruit in the event that no express agreement between the parties was found to exist.
Counsel for plaintiff, Michael H. Masri, Esq., affirmed in support plaintiff's motion for default judgment that his office contacted defendant by letter enclosing the summons and verified complaint on October 26, 2012. The letter was addressed to each member of defendant's management, including Eunice Lau, defendant's in-house counsel (NYSCEF doc. no. 12). Mr. Masri further affirmed that plaintiff's process server attempted service on defendant at its offices [*2]on four separate occasions. The process server executed a declaration of due diligence, confirming that a John Doe employee of defendant was instructed not to accept legal documents on October 31, 2012 (NYSCEF doc. no. 11). Thereafter on November 6, 2012, November 7, 2012, and November 9, 2012, per John Doe, no officer or agent was available to accept service (id.). 
On November 14, 2012, plaintiff personally served defendant with a copy of summons and verified complaint through its registered agent VCorp Services, CA, Inc. ("VCorp") (NYSCEF doc. no. 8). Plaintiff submits an affidavit of service on the defendant, as well as a data search of California's Secretary of State business entity filings, identifying VCorp as defendant's registered agent (NYSCEF doc. nos. 8 and 9). Mr. Masri affirmed that the summons and verified complaint were personally served by leaving copies with Katina Hamm, a manager at VCorp, who represented that she was authorized to accept service as registered agent for defendant (id.).
The court notes that on November 27, 2012, despite defendant's lack of appearance on this record, defendant's in-house counsel, Eunice Lau, commenced an action in California Superior Court, Los Angeles County (the "California action") (NYSCEF doc. no. 13). The California action, inter alia, alleges violations of California's business and professions code, breach of contract and negligent misrepresentation. Notwithstanding, plaintiff submits terms and conditions of the parties' alleged agreement, specifying that the agreement shall be governed by New York law and that each party irrevocably accepts and submits to the court of appropriate jurisdiction in Manhattan County, New York (NYSCEF doc. no. 14).
On December 7, 2012, plaintiff served and filed a premature notice of motion for default judgment, that plaintiff's counsel affirmed was withdrawn to afford defendant time to respond within the statutory period (NYSCEF doc. no. 17). The notice of motion was later served and filed again on December 20, 2012, once the allowable period for defendant to answer had expired (NYSCEF doc. nos. 6 and 18). Shortly thereafter, on January 22, 2013, plaintiff's counsel advised this court by letter that defendant filed for bankruptcy, and an order staying this matter was issued (NYSCEF doc. nos. 19 and 20). After years of inactivity, Hon. Adam Silvera filed a notice and case scheduling order that directed the parties to appear for a mandatory conference on March 28, 2024 (NYSCEF doc. no. 23). Following the conference, Hon. Adam Silvera issued an order to lift the stay and restored motion sequence 001, the instant motion for default judgment against defendant (NYSCEF doc. no. 24).
On May 2, 2024, a discovery status conference was held pursuant to the court's order (id.). Plaintiff's counsel appeared and defendant did not appear. Mr. Masri informed the court that, in addition to the status conference, defendant also failed to appear for the parties' case management conference with Hon. Adam Silvera. Mr. Masri represented that he exhausted all measures to contact and notify defendant of the case management conference and discovery status conference, including contacting attorneys appearing in other actions involving defendant. Moreover, he advised the court about defendant's lack of appearance or answer in this matter, and about the pending motion for default judgment that remained unopposed. This court then issued a status conference order directing that future status conferences shall be adjourned pending the decision of plaintiff's motion for default judgment (NYSCEF doc. no. 25).
DISCUSSION
"On any application for judgment by default, the applicant shall file proof of service of the summons and complaint . . . proof of the facts constituting the claim, the default and the [*3]amount due" (CPLR 3215 (f)). "Where a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party or the party's attorney" (id.). Upon default, "a defendant admits all traversable allegations contained in the complaint, and thus concedes liability, although not damages" (HF Mgt. Servs. LLC v. Dependable Care, LLC, 198 AD3d 457, 458 [1st Dept 2021] [internal quotation marks and citation omitted]). Plaintiff has met this burden. 
Plaintiff's motion for default judgment includes attachments of the summons and verified complaint, an attorney affirmation made with personal knowledge of the action, and an affidavit of service of summons and verified complaint by plaintiff's process server (NYSCEF doc. nos. 10, 7, 8). Here, the verified complaint sufficiently demonstrates the facts constituting the claims and amount due, and the attorney affirmation sets forth the circumstances surrounding defendant's default. Additionally, the motion includes an affidavit of A. Daniel Sommer, Division President of plaintiff, with accompanying invoices that plaintiff alleged were unpaid by defendant (NYSCEF doc. nos. 15 and 16).
Plaintiff asserts that defendant cannot establish a reasonable excuse for its failure to timely answer, nor can it suggest that it was not served or otherwise unaware of the instant action. It alleges that defendant failed to appear, respond to the summons and verified complaint or request an extension of time to respond.
"When a defendant has failed to appear . . . the plaintiff may seek a default judgment against him" (CPLR 3215(a)). "If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned" (CPLR 3215(c)). However, "[a]s long as proceedings are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be subject to dismissal" (Cumanet, LLC v. Murad, 188 AD3d 1149, 1151 [2d Dept 2020] [internal quotations and citations omitted]).
Here, the record demonstrates that defendant was served with summons and verified complaint pursuant to CPLR 311 on November 14, 2012. Such proof of service was e-filed with this court on December 7, 2012. Defendant was required to serve its answer on or before December 14, 2012, thirty (30) days following service of the summons and verified complaint. Defendant failed to appear by serving an answer or by making a motion which has the effect of extending the time to answer. Although it is clear on this record that defendant filed for bankruptcy — placing an automatic stay on the instant matter in January 2013 — this court's order dated April 3, 2024 lifted said stay, restored plaintiff's motion, and directed the parties to continue discovery. As of the date of this order, defendant has not filed a notice of appearance, answer or motion on this record. Without more, defendant's continued failure to appear, answer or move within the allowable time period constitutes a default (id.).
The court notes that, on May 6, 2024, defendant sent letter correspondence to the court via UPS Overnight Mail. Defendant suggested in its letter that: (1) this court lacks jurisdiction over this matter because it has reason to believe the plaintiff, XL Marketing Corp., no longer exists, attaching Department of State entity information for plaintiff; (2) defendant believes the instant matter was settled in the "Central District California Case" No.:CV12-11023-SJO, enclosing a Notice of Dismissal Pursuant to FRCP Rule 41(a); and (3) the court should be aware of issues of claim preclusion and res judicata as it relates to these exact same parties related to [*4]the exact same facts.[FN1]
The letter further informs the court that defendant has been unable to obtain New York counsel and requests that its absence be excused. Defendant alleged extreme prejudice as it relates to its purportedly valid counterclaims and defenses. Moreover, defendant asserted that the instant matter should be dismissed for want of prosecution and/or laches. Alternatively, defendant conceded that it would be willing to engage in ADR.
This court views defendant's letter as an attempt to seek dismissal of the verified complaint. CPLR 3215(c) allows a defendant to seek dismissal of the verified complaint in the event that plaintiff fails to take proceedings for the entry of judgment within one year after the default. This can be done by motion practice, which would not constitute an appearance in the action (id.). However, defendant fails in this attempt as its correspondence does not constitute a motion before this court. Moreover, plaintiff's motion was timely filed within one year from the default. Once the stay in this matter was lifted, plaintiff demonstrated its intent not to abandon the case and to seek a judgment. Therefore, defendant cannot properly seek dismissal pursuant to CPLR 3215(c).
Accordingly, it is hereby
ORDERED that the motion of plaintiff XL Marketing Corp. for default against defendant Luxeyard (motion seq. no. 001) is granted without opposition; and it is further 
ORDERED that the Clerk is directed to enter judgment in favor of plaintiff XL Marketing Corp. in the principal sum of $201,000.00 together with pre-judgment interest at the rate of nine percent (9%) per annum from May 1, 2012, and with such interest continuing thereafter, together with costs and disbursements as taxed by the Clerk upon the submission of an appropriate bill of costs.
DATE August 27, 2024
ROBERT R. REED, J.S.C.

Footnotes

Footnote 1:This court finds defendant's contentions unavailing, including issues of claim preclusion or res judicata as it relates to its belief that this matter was settled in the California action. The enclosed Notice of Dismissal Pursuant to FRCP Rule 41(a) provided that Luxeyard, as plaintiff, voluntarily dismissed all causes of action in the verified complaint as to the XL Marketing Corp. without prejudice. Furthermore, defendant's letter does not constitute an appearance in this action. Therefore, any assertions concerning prejudice, as it relates to its alleged counterclaims and defenses, are not properly before this court.