Bank of Am., N.A. v Keefer (2026 NY Slip Op 00231)

Bank of Am., N.A. v Keefer

2026 NY Slip Op 00231

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-11976
2024-04768
2024-04776
 (Index No. 18821/13)

[*1]Bank of America, N.A., appellant, 
vJames E. Keefer, Jr., respondent, et al., defendants.

Aldridge Pite, LLP, Melville, NY (Christopher E. Medina of counsel), for appellant.
The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Paul M. Hensley, J.), dated August 21, 2023, (2) an order of the same court dated October 5, 2023, and (3) an order of the same court dated February 20, 2024. The order dated August 21, 2023, insofar as appealed from, granted that branch of the motion of the defendant James E. Keefer, Jr., which was for summary judgment dismissing the complaint insofar as asserted against him and, in effect, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against that defendant. The order dated October 5, 2023, denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Lynn Marie Keefer and for an order of reference. The order dated February 20, 2024, insofar as appealed from, upon reargument, adhered to the determination in the order dated October 5, 2023, denying those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Lynn Marie Keefer and for an order of reference, and, sua sponte, directed dismissal of the complaint insofar as asserted against that defendant as abandoned pursuant to CPLR 3215(c).
ORDERED that the order dated August 21, 2023, is affirmed insofar as appealed from; and it is further,
ORDERED that the appeal from the order dated October 5, 2023, is dismissed, as that order was superseded by so much of the order dated February 20, 2024, as was made upon reargument; and it is further,
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated February 20, 2024, as, sua sponte, directed dismissal of the complaint insofar as asserted against the defendant Lynn Marie Keefer as abandoned pursuant to CPLR 3215(c) is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated February 20, 2024, is modified, on the law, (1) by [*2]deleting the provision thereof, sua sponte, directing dismissal of the complaint insofar as asserted against the defendant Lynn Marie Keefer as abandoned pursuant to CPLR 3215(c), and (2) by deleting the provision thereof, upon reargument, adhering to the determination in the order dated October 5, 2023, denying that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant Lynn Marie Keefer, and substituting therefor a provision, upon reargument, vacating that determination in the order dated October 5, 2023, and thereupon granting that branch of the motion; as so modified, the order dated February 20, 2024, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant James E. Keefer, Jr.
In July 2013, the plaintiff commenced this action against the defendants James E. Keefer, Jr. (hereinafter James Keefer), and Lynn Marie Keefer (hereinafter Lynn Keefer), among others, to foreclose a mortgage encumbering certain real property located in West Babylon. James Keefer interposed an answer in which he asserted various affirmative defenses, including failure to comply with RPAPL 1304. Lynn Keefer did not answer the complaint.
In March 2015, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against James Keefer. That branch of the motion was denied for failure to establish compliance with RPAPL 1304. In August 2017, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against James Keefer. That branch of the motion was denied again for failure to establish compliance with RPAPL 1304.
In June 2023, James Keefer moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him on the ground, among other things, that the plaintiff failed to comply with RPAPL 1304. The plaintiff moved for summary judgment on the complaint insofar as asserted against James Keefer, for leave to enter a default judgment against Lynn Keefer, and for an order of reference. In an order dated August 21, 2023, the Supreme Court, inter alia, granted that branch of James Keefer's motion which was for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff failed to comply with RPAPL 1304 and, in effect, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against James Keefer. In an order dated October 5, 2023, the court denied those branches of the plaintiff's motion which were for leave to enter a default judgment against Lynn Keefer and for an order of reference.
The plaintiff moved for leave to reargue those branches of its motion which were for leave to enter a default judgment against Lynn Keefer and for an order of reference. In an order dated February 20, 2024, the Supreme Court, among other things, upon reargument, adhered to the determination denying those branches of the motion and, sua sponte, directed dismissal of the complaint insofar as asserted against Lynn Keefer as abandoned pursuant to CPLR 3215(c). The plaintiff appeals.
RPAPL 1304(1) provides that "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." Pursuant to RPAPL 1304(2), as relevant here, the required notices shall be sent by registered or certified mail and also by first-class mail "in a separate envelope from any other mailing or notice." "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20).
Here, in support of his motion, James Keefer established that the plaintiff failed to mail him a 90-day notice that was sufficient to satisfy the requirements of RPAPL 1304. Contrary to the plaintiff's contention, "the mailing of a 90-day notice jointly addressed to two or more borrowers in a single envelope is not sufficient to satisfy the requirements of RPAPL 1304" (Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 134; see Capital One, N.A. v Hunter, 236 AD3d 980, 981-982; U.S. Bank N.A. v Reddy, 220 AD3d 967, 971-972; Deutsche Bank Natl. Trust Co. v Loayza, [*3]204 AD3d 753, 755). Since the record shows that the single mailed 90-day notice was improperly addressed to both James Keefer and Lynn Keefer, the Supreme Court properly granted that branch of James Keefer's motion which was for summary judgment dismissing the complaint insofar as asserted against him and, in effect, denied that branch of the plaintiff's motion which was for summary judgment on the compliant insofar as asserted against James Keefer (see Capital One, N.A. v Hunter, 236 AD3d at 981-982; U.S. Bank N.A. v Reddy, 220 AD3d at 972; Deutsche Bank Natl. Trust Co. v Loayza, 204 AD3d at 755; Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d at 136-137).
CPLR 3215(c) directs that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative . . . , unless sufficient cause is shown why the complaint should not be dismissed." Contrary to the plaintiff's contention, the statute directs the court to take action, where appropriate, "upon its own initiative" (id.). Moreover, "[t]he language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see Ocwen Loan Servicing, LLC v Buonauro, 233 AD3d 972, 974).
Nevertheless, dismissal pursuant to CPLR 3215(c) was not warranted on this record. Where an action is subject to mandatory settlement conferences, CPLR 3408(n) provides that any motion submitted by a party "shall be held in abeyance while the settlement conference process is ongoing" (see 22 NYCRR 202.12-a[c][7]). This Court has interpreted that provision to toll the one-year deadline imposed by CPLR 3215(c) while the settlement conferences are pending (see Deutsche Bank Natl. Trust Co. v O'Connor, 223 AD3d 872, 874; Cumanet, LLC v Murad, 188 AD3d 1149, 1151). Here, the record establishes that the one-year period following Lynn Keefer's default was tolled due to the pendency of mandatory settlement conferences and that approximately seven months after the action was released from the settlement part, the plaintiff moved, inter alia, for leave to enter a default judgment against Lynn Keefer. Taking into account the toll for the period of time that "the settlement conference process [was] ongoing" (CPLR 3408[n]), the record does not support the Supreme Court's determination that the plaintiff failed to take proceedings for the entry of a default judgment against Lynn Keefer within one year of her default (see Federal Natl. Mtge. Assn. v Vivenzio, 229 AD3d 510, 515; Bank of Am., N.A. v Bhola, 219 AD3d 430, 432; Cumanet, LLC v Murad, 188 AD3d at 1152). Accordingly, the court erred in, sua sponte, directing dismissal of the complaint insofar as asserted against Lynn Keefer on this ground.
On a motion pursuant to CPLR 3215 for leave to enter a default judgment, a plaintiff is required to submit proof of service of the summons and complaint, "proof of the facts constituting the claim," and proof of the defendant's default in answering or appearing (id. § 3215[f]; see Pemberton v Montoya, 216 AD3d 988, 989). A defendant who has defaulted in answering is "deemed to have admitted all factual allegations contained in the complaint" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 71). Here, the plaintiff established its entitlement to leave to enter a default judgment against Lynn Keefer. Thus, upon reargument, the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to enter a default judgment against Lynn Keefer.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., DOWLING, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court